■ HELENE-HARRISON CORP., Appellant-Respondent, v MONEYLINE NETWORK, INC., Respondent-Appellant. [815 NYS2d 515]— Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered October 5, 2004, insofar as appealed from as limited by the briefs, awarding plaintiff landlord $694,962.93, and bringing up for review an order, same court and Justice, entered July 28, 2004, which granted plaintiff landlord partial summary judgment on its first cause of action for rent and dismissed defendant tenant's defenses and counterclaim, and a subsequent directed verdict in favor of defendant limiting the amount of rent and real estate taxes recoverable under the lease to amounts which accrued prior to January 16, 2003, unanimously reversed, on the law, without costs, plaintiff's motion for partial summary judgment denied, defendant's affirmative defenses and counterclaim reinstated, the directed verdict on damages vacated, and the matter remanded for trial on all issues.

Questions of fact as to liability for the alleged breach of the parties' commercial office lease are presented by the conflicting affidavits, at the very least with respect to defendant's second and fifth affirmative defenses. Such issues, including whether the renovation of the demised premises was delayed by reason

of defendant's numerous changes of plans and problems with its original project manager or whether the delay was the result of the plaintiff's numerous demands that the plans be revised, cannot be resolved on a motion for partial summary judgment. Since we are remanding for a new trial on all issues, we leave the question of any limitation of damages as well as the effect of the sale/leaseback transaction for determination by the trial court. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.